Perfect 10 Inc v. Amazon.com Inc et al                                                                                                    Doc.

___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Perfect 10, Inc.,                        ) Case No. CV05-04753-NM(RZx)
                                         )
                                         ) STANDING ORDER
                                         )
           Plaintiffs,                   )
                                         )
              v.                         )
                                         )
Amazon, Inc., et al,                     )
                                         )
           Defendants.                   )
_____)

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Nora M. Manella. Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts. This order applies to all parties including those

revised 6/30/05

DOCKETED ON CM
JUL - 7 2005
BY _____ 007

Dockets.Justia.co

appearing pro se. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[1]

IT IS FURTHER ORDERED:

1. **Service of the Complaint:** The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.

2. **Removed Actions:** Any answers filed in state court must be attached to the Notice of Removal. Any pending motions must be re-noticed as required by Local Rule 7.

3. **Presence of Lead Counsel:** Lead trial counsel shall attend any proceeding before this Court, including all status conferences, as well as settlement conferences with the Magistrate Judge, an attorney settlement officer or a private mediator.

4. **Rule 26(f)Meeting of Counsel:** Counsel for the parties shall meet personally pursuant to FRCP 26(f) and applicable Local Rules in anticipation of the court-ordered scheduling conference. FRCP 16(b).

5. **Joint Report of Rule 26(f) Meeting:** No later than fifteen (15) court days before the Scheduling Conference, counsel shall file a Joint Report of Rule 26(f) Meeting. **A conformed courtesy copy** of the Joint Report shall be delivered to the courtesy box on the wall outside the entrance to Judge Manella's chambers on the

---

[1]. Copies of the Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

Los Angeles Daily Journal
915 East 1st Street
Los Angeles, California 90012

West Group
610 Opperman Drive
Post Office Box 64526
St. Paul, Minnesota 55164-0526

Metropolitan News
210 South Spring Street
Los Angeles, California 90012

revised 4/19/04                                           2

Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.** A Joint Report which is not timely filed or does not conform with this Order, FRCP 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in delays and/or the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in FRCP 26(f) (some of which are enumerated below), and shall also contain the following:

(a) A brief statement by <u>each</u> party, not to exceed one (1) page, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

(b) The basis for the Court's subject-matter jurisdiction.

(©) A brief description of the key legal issues.

(d) The realistic range of probable damages.

(e) The likelihood of appearance of additional parties.

(f) Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(g) A proposed discovery cut-off date. <u>Note</u>: this means the final day for <u>completion of discovery</u>, including resolution of all discovery motions.

(h) What motions (other than discovery motions) are contemplated.

(I) Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications.

(j) Whether the trial will be a court or jury trial.

(k) The estimated length of trial.

(l) The name of the attorney(s) who will try the case.

(m) Prospects of counsel exercising their right, under 28 U.S.C. §636, to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 194-G.[2]

---

2. Counsel should note that they may select from among the panel of available Magistrate Judges <u>i.e.</u>, counsel are not limited to consenting to the Magistrate Judge assigned to this case, provided all parties concur. A list of the current available Magistrate Judges is included. Counsel should note that the Magistrate Judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial.

revised 4/19/04                                3

**6. Mandatory Settlement Procedure:**

   a. **ADR Pilot Program**: This Court is part of the Alternative Dispute Resolution (ADR) Pilot Program. For cases referred to ADR, counsel will be required to complete the ADR Questionnaire and file it at the time the Joint Report is filed. Counsel will thereafter have the option of completing a stipulation selecting the agreed upon Settlement Officer, or having the Program Coordinator randomly select a Settlement Officer for the case.

   b. **Cases not in the ADR Pilot Program**: In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration include:

   (1)   a settlement conference before the Magistrate Judge assigned to the case; Note: the Court does not participate in settlements of cases on its own docket.

   (2)   a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from the court's Website);

   (3)   the employment by the parties of a private judge, mediator or arbitrator.

**7. Discovery:** All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. Any party seeking review of a Magistrate Judge's order must file and serve a motion within ten (10) days of service of a written

revised 4/19/04                              4

ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. Local Rule 72-2.1. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

8. **Motions:**

   a. **Time for Filing and Hearing Motions**: Motions shall be filed in accordance with Local Rule 7; the next available motion date can be obtained from the Courtroom Deputy or the Filing Window. This Court customarily hears motions on **Mondays, commencing at 10:00 a.m.** Counsel will be sent a briefing schedule giving due dates for opposition and reply, including all declarations and supporting documentation. **No supplemental brief shall be filed without prior leave of Court. Local Rule 7-10.** Conformed courtesy copies of **reply papers only** shall be delivered to the courtesy box on the wall outside the entrance to Judge Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.**

   Adherence to the timing requirements is essential for the Court's preparation of motion matters.

   b. **Pre-filing Requirement**: Counsel should take note of the changes to the Local Rules affecting motion practice in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution," and to confirm in the notice of motion that such conference has taken place. Local Rule 7-3. Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. **Failure to comply with Local Rule 7-3**

revised 4/19/04                                5

and to set forth such compliance in the notice of motion will result in the motion being vacated.

   c. <u>Length and Format of Motion Papers</u>:  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

  Typeface shall comply with Local Rule 11-3.1.1.  <u>NOTE</u>:  If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.  Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.

  Filings that do not conform to the Local Rules and this Order will not be considered.

   d. <u>Courtesy Copies</u>:  Counsel shall deliver a conformed courtesy copy of all **reply** papers to the courtesy box on the wall outside the entrance to Judge Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.**  Unless so ordered, please do not supply courtesy copies of moving or opposition papers.

   e. <u>Motions for Summary Judgment</u>:  Before filing a motion for summary judgment, counsel are strongly encouraged to review Chapter 14 of Schwarzer, Tashima & Wagstaffe, <u>California Practice Guide:  Federal Civil Procedure Before Trial</u> (1998).  To assist the Court, the moving party shall submit the required Statement of Uncontroverted Facts and Conclusions of Law as set forth in Form 14:C **(copy attached as Exhibit 1)**.  The opposing party shall submit the required Statement of Genuine Issues as set forth in Form 14:D **(copy attached as Exhibit 2)**, responding first to each of the moving party's alleged uncontroverted facts, then listing any material facts in dispute, and citing to supporting evidence.  **Note:  Separate statements that fail to comply with the above format will not be considered.**

revised 4/19/04       6

9. **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a 3½-inch diskette compatible with WordPerfect 11.

10. **Telephonic Hearings:** The Court will conduct status conferences by telephone if any party outside the district so requests and all involved parties consent. The attorney requesting the telephonic hearing shall contact the Courtroom Deputy Clerk, Judy Hurley, (213)894-0200, at least one week prior to the date scheduled for the motion or conference to make the necessary arrangements.

A member of the Court's staff will place the conference call.

11. **Ex Parte Applications:** Counsel are reminded that ex parte applications are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. In addition to the requirements of Local Rules 7-19 and 7-19.1, counsel for the moving party shall serve opposing counsel by facsimile transmission and shall notify opposing counsel that opposition papers must be filed no later than 24 hours following such facsimile service. Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to Judge Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

12. **Continuances:** Counsel requesting a continuance must lodge -- prior to the date to be continued -- a Proposed Stipulation and Order including a detailed

revised 4/19/04                                    7

declaration of the grounds for the requested continuance or extension of time. Local Rule 7-11. **All requests to modify dates previously set by the court shall bear, on the caption page, all current dates, as well as any proposed new dates.** The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. **Such stipulations do not become effective unless and until signed by the Court. Parties requesting conformed copies shall comply with Local Rule 11-4.5.**

13. **Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone, letter, facsimile, e-mail or by any other ex parte means. Local Rule 83-2.11. Counsel may contact the **Courtroom Deputy, Judy Hurley, at (213)894-0200,** with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers.

14. **Notice of this Order:** Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties. Enclosed is a Document Imaging Enrollment Form for counsel to complete and return to the address indicated on the form.

Dated:  July 1, 2005

NORA M. MANELLA
United States District Judge

## United States Magistrate Judges Currently Available for
## Civil Consent Cases(alphabetical)

The following Magistrate Judges are currently available for consent cases, pursuant to 28 U.S.C. 636(c) and Local Rule 6.6 of the Local Rules Governing Duties of Magistrate Judges. To confirm a particular Magistrate Judge's ability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact that Magistrate Judge's courtroom deputy prior to filing/lodging the consent form.

| Magistrate Judge | Courtroom Deputy/Telephone Number |
| --- | --- |
| Paul L. Abrams | Christiana Howard/213-894-7103 |
| Marc L. Goldman | Theresa Steele/714-338-4755 |
| Jeffrey W. Johnson | Amalia Carrillo/213-894-5369 |
| Victor B. Kenton | Roxanne Horan/213-894-1831 |
| Stephen G. Larson | Jim Holmes/909-328-4464 |
| Jennifer T. Lum | Debra Plato/213-894-0216 |
| Arthur Nakazato | Melissa Cash/714-338-4756 |
| Fernando M. Olguin | Pat Clark/213-894-0215 |
| Suzanne H. Segal | Kimberly Carter/213-894-0958 |
| Patrick J. Walsh | Isabel Martinez/213-894-8958 |
| Ralph Zarefsky | Ilene Bernal/213-894-8256 |

11/18/04

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

OPTICAL SCANNING ENROLLMENT/UPDATE FORM

PLEASE PRINT OR TYPE ALL INFORMATION WHEN COMPLETING THIS FORM

_____     _____
Name                                          Telephone Number

_____
Firm Name

_____
Address

☐ Out-of State Attorney

_____     _____
California State Bar Number              Case Number (*Required for out-of-state attorneys*)

Area of Practice: ☐ Civil  ☐ Criminal

---

☐ **FIRST TIME ENROLLMENT**
I consent and agree to receive copies of judgments, orders and other documents by electronic transmission at the following e-mail address: _____ and that I understand that service by electronic transmission constitutes notice of entry as required by F.R.Civ.P. 77(d) and F.R.Crim.P. 49 in lieu of service by mail. I further understand that I must notify the Court within twenty-four (24) hours when I have a change of name, firm association, address, or e-mail address to ensure proper service.

☐ **UPDATE TO ENROLLMENT** *(Complete this section if you previously enrolled in the Optical Scanning Program and wish to update that information ONLY.)*
  ☐ Update my email-address to: _____
  ☐ Change my enrollment from service of documents by FAX to service by e-mail at the following e-mail address*: _____

*One of the following boxes must be checked if you are enrolling or updating your enrollment for CIVIL cases:*
  ☐ I am enrolling or updating my enrollment for all my cases**.
  ☐ I am updating my enrollment for the following case number(s) (case numbers must include SA for Southern Division cases, ED for Eastern Division cases). (Attach separate sheet if necessary.)_____
  _____

A list of your civil cases may be obtained by querying your name in the CM PACER system.

Date: _____     Signature: _____

---

Mail or fax this completed form to:   United States District Court
                                      Central District of California
                                      312 North Spring Street, Room G-8
                                      Los Angeles, California 90012
                                      Attention: **Attorney Admission Clerk**
                                      Facsimile: 213-894-2342

*Electronic transmission (e-mail) of documents is recommended due to its efficiency, which results in quicker receipt of judgments, orders and other documents. However, the e-mail address should be to a computer that is accessed on a daily basis due to the importance and timeliness of documents that are being transmitted from the Court. Prior to signing up to receive documents by Internet e-mail, contact your Internet Service Provider and office automation staff to determine whether there are limitations to the size of attachments that may be received. Documents are currently in TIFF format. Effective March 1, 2004, documents will be delivered in PDF format instead of in TIFF format.

**If you checked the box to enroll or update enrollment for all your cases, documents for cases you had when you were with a different firm or agency will be sent to your current e-mail address if you did not file a substitution of attorney or notice to be terminated from the case.

CIVIL JUDGMENTS, ORDERS & DOCUMENTS WILL BE SENT TO YOU ELECTRONICALLY FOR CASES INDICATED ON THIS FORM, AND IN SUBSEQUENT CASES FOR WHICH YOU APPEAR IN AFTER YOUR ENROLLMENT. CRIMINAL JUDGMENTS, ORDERS & DOCUMENTS ARE SENT IN ALL CASES FOR WHICH YOU ARE ATTORNEY OF RECORD.

G-76 (05/04)             OPTICAL SCANNING ENROLLMENT/UPDATE FORM

[FORM 14:C]

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
(Required in California Central District)

```
 1  ........................
    ........................
 2  ........................
    ........................
 3  ........................
    Attorneys for Plaintiff
 4
 5
 6
 7
 8              UNITED STATES DISTRICT COURT
 9              ....... DISTRICT OF CALIFORNIA
10
11  ........................,  )
                                )   No. CV ..-........
12         Plaintiff,           )
                                )   STATEMENT OF UNCONTROVERTED
13     v.                       )   FACTS AND CONCLUSIONS OF LAW
                                )   [Central District Local Rule
14  ........................,   )           7.14.1]
                                )
15         Defendant.           )   Hearing Date:  ..............
                                )   Time:          ..............
16
17         After consideration of the papers in support of and in
18  opposition to plaintiff's motion for summary judgment and the oral
19  argument of counsel, the Court determines that the following facts
20  have been established as,
21                      UNCONTROVERTED FACTS
22         1.  Plaintiff is a citizen of California and defendant
23  is a citizen of New York.
24             [Declaration of Plaintiff, page 1, lines 18-21;
25             Deposition of Defendant, page 5, lines 8-22.]
26         2.  Plaintiff and Defendant entered into a written
27  contract for the construction of a house in .....................
28  County, California.
```

Exhibit 1

```
               (Complaint, page 3, lines 9-11; admitted in
               Defendant's answer, page 1, lines 3-4.]
         3.  Plaintiff is a licensed general contractor.
               (Complaint, page 2, lines 5-6; admitted by
               Defendant's failure to deny.]
         4.  Plaintiff has performed all conditions of the
contract, except installation of a security system.
               [Copy of contract attached as Exhibit "A" to
               complaint; admitted in Defendant's answer, page
               page 2, lines 3-4. Declaration of Plaintiff,
               page 3, lines 10-22.]
         5.  Installation of the security system was excused by
Defendant's refusal to allow Plaintiff access to the portion of
the building site required for such installation.
               [Declaration of Plaintiff, page 5, lines 11-28;
               Defendant's answer to Interrogatory No. 3.]
         6.  Defendant agreed to pay Plaintiff $180,000 and only
$100,000 has been paid.
               [Paragraph 2 of contract (see ¶4, above);
               declaration of Plaintiff, page 7, lines 6-8;
               Defendant's response to Request for Admission No. 6.
         Based on the foregoing Uncontroverted Facts, the Court
now makes its,
                         CONCLUSIONS OF LAW
         1.  The Court has jurisdiction of this action, pursuant
to 28 U.S.C. § 1332.
         2.  Defendant has breached the contract with Plaintiff
by failure to pay according to its terms.
```

Exhibit 1

```
1      3.   Plaintiff is owed the sum of $80,000 by Defendant under the
2  contract and Plaintiff has been damaged in said amount by Defendant's breach.
3      4.   Plaintiff is entitled to prejudgment interest on this liquidated
4  sum at the statutory rate of seven percent (7%) per annum.
5      5.   Judgment shall be entered in Plaintiff's favor consistent
6  herewith (*).
7
8  Dated: . . . . . . . . . . .
9
10                                        _____
11                                            United States District Judge
12
13
14
15  (*)  A separate "Proposed Judgment" must be served and lodged with the court.
16  (See CD CA Rule 7.14.2)
```

Exhibit 1

[FORM 14:D]

## STATEMENT OF GENUINE ISSUES
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
### (Required in California Central District)

```
 1   ........................................
     ........................................
 2   ........................................
     ........................................
 3
 4
 5   Attorneys for ......................
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                 .......... DISTRICT OF CALIFORNIA
10
11   ...............................,)   No.:  ....................
                                     )
12                    Plaintiff,     )   STATEMENT OF GENUINE ISSUES IN
                                     )   OPPOSITION TO MOTION FOR SUMMARY
13   vs.                             )   JUDGMENT (Central District)
                                     )
14   ...............................,)   Date:  .........................
                                     )   Time:  .........................
15                    Defendant.     )   Place: .........................
                                     )
16                                   )
     _____
17        (Plaintiff/defendant) .......................... submits this statement
18   of genuine issues pursuant to Central District of California Local Rule 7.14.2 in
19   opposition to the motion for summary judgment herein filed by ..................
20        Facts 1 through ......... below correspond to the facts and supporting
21   evidence presented in the Statement of Uncontroverted Facts filed by the moving
22   party.  These facts are followed by additional material facts and supporting
23   evidence showing a genuine issue.
24        MOVING PARTY'S ALLEGED              RESPONSE TO OPPOSITION
25        UNCONTROVERTED FACTS
26   1.  [Copy from moving party's        1.  Plaintiff agrees this is
27       statement]                           undisputed.
28   /////
```

Exhibit 2

```
 1   2.  [Copy from moving party's      2.  Plaintiff denies this is undisputed.
 2       statement]                          See Declaration of ................
 3                                           ...................., page 3, lines
 4                                           7-20; see also Defendant's answer to
 5                                           Plaintiff's Interrogatory No. 21,
 6                                           attached to the above declaration.
 7            Opposing party also contends that the following other material facts
 8       are in dispute:  [set forth issue and evidence]
 9       DATED:  .............., 19....
10                                           /s/
                                             (Attorney's name typed)
11
                                             Attorneys for ......................
12
13
...
28
```

Exhibit 2