UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 04-9484 AHM (SHx) <br> CV 05-4753 AHM (SHx) | Date | July 23, 2007 |
|---|---|---|---|
| Title | PERFECT 10, INC. v. GOOGLE INC., *et al.* <br> PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | |

Present: The Honorable   A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On June 29, 2007, Defendant Google Inc. ("Google") filed a motion for judgment on the pleadings as to the fourth cause of action in Plaintiff Perfect 10, Inc.'s ("Perfect 10") Amended Complaint ("Google AC") in *Perfect 10, Inc. v. Google, Inc.*, CV 04-9484 AHM (SHx). On July 11, 2007, Defendants Amazon.com, Inc. and A9.com, Inc. (collectively, "Amazon") filed their own motion for judgment on the pleadings as to Perfect 10's fourth cause of action in the Complaint ("Amazon Complaint") in *Perfect 10, Inc. v. Amazon.com, Inc., et al.*, CV 05-4753 AHM (SHx). On July 11, 2007, Amazon and Perfect 10 stipulated that Google's Memorandum of Points and Authorities ("MPA") would also act as Amazon's MPA.

The fourth cause of action in both pleadings is for circumvention of copyright protection systems under section 1201(a) of the Digital Millennium Copyright Act ("DMCA"). (Google AC ¶¶ 64-70; Amazon Complaint ¶¶ 51-57). Perfect 10 alleges that both defendants have published passwords that Perfect 10 provided to its subscribing consumers, which enable them to obtain access to the Perfect 10 site. (Google AC ¶ 65; Amazon Complaint ¶ 52). It also alleges that Google publishes links to "Stolen Content Websites" that contain otherwise unavailable passwords. (Google AC ¶ 65). These causes of action are virtually identical in the two pleadings, and the Court finds it proper to address both at once.

Perfect 10 filed a response to both motions in which it agreed to the dismissal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-9484 AHM (SHx) | Date | July 23, 2007 |
|---|---|---|---|
| | CV 05-4753 AHM (SHx) | | |
| Title | PERFECT 10, INC. v. GOOGLE INC., *et al.* | | |
| | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | |

these cause of actions without prejudice.[1] Instead of stipulating to a judgment on the pleadings, Perfect 10 argues that the law in this area is constantly changing and requests leave to re-file the claims if it becomes clear that such claims do exist on the facts of these cases.

The DMCA states that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A). The DMCA further states that:

As used in this subsection--

(A) to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner; and

(B) a technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

17 U.S.C.A. § 1201(a)(3).

The pivotal question is whether publishing subscribers' passwords or links to them, which thereby permit other consumers to access copyrighted work on the Perfect 10 website, constitutes circumvention of a technological measure within the meaning of the DMCA. This issue appears to be a question of first impression in this Circuit. Only two other federal courts have addressed comparable questions. In both *I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc.*, 307 F.Supp.2d 521 (S.D.N.Y. 2004), and *Egilman v. Keller & Heckman, LLP*, 401 F.Supp.2d 105 (D.D.C. 2005), the courts dismissed claims similar to Perfect 10's claims. As stated in *I.M.S.* and cited in *Egilman*:

---

[1] In a July 11, 2007 stipulation between Perfect 10 and Amazon, the parties stipulated that Perfect 10's response to the Google motion would also be deemed its response to the Amazon motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 04-9484 AHM (SHx)<br>CV 05-4753 AHM (SHx) | Date  July 23, 2007 |
| Title | PERFECT 10, INC. v. GOOGLE INC., *et al.*<br>PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | |

> Circumvention requires either descrambling, decrypting, avoiding, bypassing, removing, deactivating or impairing a technological measure *qua* technological measure. In the instant matter, defendant is not said to have avoided or bypassed the deployed technological measure in the measure's gatekeeping capacity. The Amended Complaint never accuses defendant of accessing the [plaintiff's] system without first entering a plaintiff-generated password.

*I.M.S.*, 307 F.Supp.2d at 532.

As in both *I.M.S.* and *Egilman*, neither of the pleadings at issue here contains any allegation that the defendants accessed or provided access to Perfect 10's website by avoiding or bypassing technological measures designed to protect copyrighted work. As stated in *I.M.S.*, "a cause of action under the DMCA does not accrue upon unauthorized and injurious access *alone*; rather, the DMCA 'targets the *circumvention* of digital walls guarding copyrighted material.'" *I.M.S.*, 307 F.Supp.2d at 532 (emphasis in original).

//

//

//

//

//

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-9484 AHM (SHx)<br>CV 05-4753 AHM (SHx) | Date | July 23, 2007 |
|---|---|---|---|
| Title | PERFECT 10, INC. v. GOOGLE INC., *et al.*<br>PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | |

Thus, the conduct alleged in both pleadings fails to state a claim constituting "circumvention" under the DMCA. As a result, the Court GRANTS both Google's[2] and Amazon's[3] motion.

Instead of entering judgment on the pleadings, which invites procedural confusion, the Court dismisses the fourth causes of action with prejudice.[4]

**THIS ORDER IS NOT INTENDED FOR PUBLICATION.**

Initials of Preparer

---

[2] Dkt. No. 221 (CV 04-9484).

[3] Dkt. No. 87 (CV 05-4753).

[4] Perfect 10's basis for merely dismissing this action without prejudice is unpersuasive and would invite abuse if cited as a precedent.