O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-4753 AHM (SHx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)


This order concerns "The Sample" of images claimed by Perfect 10 in its pending motion for partial summary judgment.[1]  Perfect 10, the moving party, has the initial burden of producing comprehensible evidence to establish the absence of a genuine issue of material fact for trial.  Just as the Court need not scour the record in search of a genuine issue of triable fact when the party opposing summary judgment has not "identif[ied] with reasonable particularity the evidence that precludes summary judgment," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), it need not do the same with respect to the moving party's assertion that there is no genuine fact issue.  Based primarily on this principle, the Court DENIES Perfect 10's motion as to certain of the images claimed by Perfect 10, as described below.  The Court will rule on the remainder of the images separately.


Perfect 10 states that it seeks summary judgment for images contained on the following pages of exhibits to the Zada Declaration: Ex. 7, pp. 7-8; Ex. 22, pp. 3, 5; Ex.30, pp. 1-8; and Ex. 34, pp. 1-7, 9-11.  Mem. at 24; Declaration of Melanie Poblete ¶ 3.  According to the spreadsheets attached to Melanie Poblete's Declaration and her Reply Declaration, Perfect 10's sample consists of 559 images.   However, the referenced pages in the Zada Declaration contain some 666 images, by the Court's count.[2]  That count does not include a few images that are marked by red "X" marks and those images

---

[1]Docket No. 172.

[2]The exhibits consisting of pages Internet print-outs that are not numbered, making the task of identifying the images at issue even more difficult.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-4753 AHM (SHx) | | Date | July 13, 2009 |
|---|---|---|---|---|
| Title | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | | |

that are not pictures of models at all (see Ex. 30, p. 1).
//

The images for which Perfect 10 is not entitled to summary judgment and as to which the Court DENIES summary judgment are as follows.

1.      <u>Images claimed to be the subject of this motion that are not listed in Poblete's spreadsheets.</u>  The Court cannot identify which of the 666 images in the Zada Declaration are listed in the spreadsheets containing 559 entries and which are not.  Based on the numerical totals, it appears that 107 of the images in the Zada Declaration are not in the spreadsheets.

The discrepancy is reflected in the following examples: (a) Zada Decl., Ex. 30, pp. 1-3 contain 142 images.  The entries in the spreadsheet corresponding to those pages refer to 140 images.  Poblete Decl., Ex. B, pp. 1-3. (b) Zada Decl., Ex. 30, pp. 4-6 contain 359 images (mini-thumbnails), by the Court's count.  The corresponding entries in the spreadsheet refer to 323 images.  Poblete Decl., Ex. B, pp. 3-10. (c) Zada Decl., Ex. 34, pp. 1-7 contain 123 images, but the corresponding entries in the spreadsheet refer to only 71 images.  Poblete Decl., Ex. B, pp. 10-11.

These discrepancies might be the result of the same images appearing more than once in the designated pages of the Zada exhibits, but the Court has no manageable way to determine if that is the case and to identify images that are not in the spreadsheets, much less to locate the evidence for those images.  Perfect 10 has not met its burden as to those images.  The Court will not search for the images or the corresponding evidence, because it cannot do so without spending incalculable hours.  In plain terms, the sample which the Court will actually evaluate will be confined to those images identified in the spreadsheet attached to Poblete's first declaration.

2.      <u>An image that is claimed in the spreadsheet, but is not in the corresponding pages of the Zada Declaration.</u>  Perfect 10's unique identifier for this image is "Exh34_P10_MonikaZ_VA1-289-701_005."  This image is not on page 10 of Exhibit 34 to the Zada Declaration, as claimed in the spreadsheet.[3]  Zada states that pages 9-10

_____

[3]This discrepancy was discovered because the spreadsheet listed 25 images for pages 9-10 of Exhibit 34, but those pages only have 24 images.  There might be other

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-4753 AHM (SHx) | Date | July 13, 2009 |
|---|---|---|---|
| Title | PERFECT 10, INC. v. AMAZON.COM, INC., *et al.* | | |

contain infringing images found on the website forum.phun.org, which could be accessed from a link in Alexa's search results.  Zada Decl. ¶ 46.  Since "Exh34_P10_MonikaZ_VA1-289-701_005" is not on page 9 or page 10 of Zada's declaration, Perfect 10 has failed to provide evidence of infringement of that image as claimed in Zada Declaration paragraph 46.  Thus, the Court DENIES the motion as to this image.

The Court will inform the parties if a hearing is necessary.

|  | : |
|---|---|
| Initials of Preparer | SMO |

such discrepancies not yet discovered.